IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

WANDA SMITH                                                                                    PLAINTIFF

v.                                                                         CIVIL ACTION NO. 3:17-CV-107-RP

COMMISSIONER OF SOCIAL SECURITY                                                  DEFENDANT

**FINAL JUDGMENT**

Plaintiff Wanda Smith filed suit under 42 U.S.C. § 405(g) for judicial review of the unfavorable decision of the Commissioner of Social Security regarding an application for a period of disability, disability insurance benefits, and supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provision of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Docket 13. The Court, having considered the record, the administrative transcript, the briefs of the parties, the oral arguments of counsel and the applicable law, and as explained further from the bench at the conclusion of the hearing hereon, finds as follows:

The ALJ committed reversible error in failing to apply the Grid rules at the time of his decision. Whereas the ALJ erroneously classified Plaintiff as a person "closely approaching advanced age" based on her age (53) on the alleged disability onset date, the ALJ should properly have classified Plaintiff as a person of advanced age under 20 C.F.R. § 404.1563(e) based on her age (56) at the time of his decision. "Age is determined at the time of the decision, not at the time of the application or the hearing." *Rikard v. Astrue*, 2009 WL 736210, at *3 (N.D. Miss. Mar. 18, 2009) (quoting *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 780 (6th Cir. 1987)). Based on Plaintiff's age, high school education, and the ALJ's RFC

limiting Plaintiff to work in the unskilled light occupational base, Plaintiff satisfied Medical-Vocational Guideline 202.06 and is entitled to an award of benefits.

In determining whether to reverse the Commissioner's final decision and remand or to grant benefits without further administrative review, the Court must look to the completeness of the record, the weight of the evidence in favor of the plaintiff, the harm to the claimant that further delay might cause, and the effect of a remand delaying the ultimate receipt of benefits by a deserving plaintiff. SOCIAL SECURITY LAW & PRACTICE, §55.77, p. 129. The Court finds the evidence is conclusive that Plaintiff is disabled under the Grids, and that an award of benefits at this stage would be in the best interests of Plaintiff's health and welfare, and will avoid further undue delay which would result upon remand for additional review. However, there remains the issue of the disability onset date.

Commencing less than 12 months after turning age 55, Plaintiff engaged in substantial gainful activity during the first and second quarters of 2016. As such Plaintiff's disability onset date is the date immediately following the last date of her substantial gainful activity in the second quarter of 2016. That particular date is not apparent from the record in this case, which should therefore be remanded for that determination

As to the remaining issues raised in Plaintiff's brief, for the reasons stated from the bench the Court finds the ALJ committed no reversible error in those regards. The Commissioner's decision is reversed and remanded for the sole purpose of determining the disability onset date and the amount of benefits to be awarded to Plaintiff under the Act.

**SO ORDERED**, this, the 14th day of March, 2018.

    /s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE