**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**WANDA SMITH**                                                                                  **PLAINTIFF**

**v.**                                             **CIVIL ACTION NO. 3:17-CV-107-RP**

**NANCY BERRYHILL,
COMMISSIONER OF SOCIAL SECURITY**                            **DEFENDANT**

**ORDER GRANTING PAYMENT
OF ATTORNEY'S FEES AND EXPENSES**

Plaintiff seeks an award of attorney's fees of $5,153.22 paid pursuant to the Equal Access to Justice Act, 28 U.S.C. Section 2412. Docket 21. Defendant objects to Plaintiff's request that the award of fees "be paid directly to plaintiff's attorney" and maintains that a reduction of hours is warranted "because Plaintiff's itemization reflects billing in half-hour increments." Docket 22. Defendant asserts that under *Astrue v. Ratliff*, attorney's fees under the Equal Access to Justice Act must be made payable to Plaintiff, not Plaintiff's attorney. *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010).

Defendant contends that "billing in half-hour increments artificially inflated Plaintiff's fee request" and seeks at least a 10% reduction in the time billed. Docket 22. Citing *Hagan v. MRS Associates*, Defendant claims that, in this instance, half-hour increments undermine the reasonableness of Plaintiff's billing. *Hagan*, 2001 WL 531119, *5 (E.D. La. May 15, 2001)(applying a 10% reduction to billing records reflecting quarter-hour entries in order to account for attorney's inadequate documentation). Defendant requests that the Court impose "at least a 10% reduction" to the twenty seven (27) hours of work detailed in Plaintiff's Itemization of Services Rendered on Behalf of Wanda Smith for a total EAJA award of no more than $4,637.90. Docket 22, 21.

Plaintiff did not file a reply brief, and on June 11, 2018, the Court instructed Plaintiff to reply "in order to determine whether Plaintiff's counsel did in fact bill in half-hour increments and, if so, whether and when counsel rounded up or down." Docket 23. In her reply, also submitted on June 11, 2018, Plaintiff states that counsel did bill in half-hour increments. Docket 24. Plaintiff asserts that the Itemization of Services Rendered "is an accurate representation of time spent on services for Plaintiff" and states that counsel "rounded down in calculating time spent on Plaintiff's Federal Court case." *Id*.

In *Hagan*, the Court based its decision, in part, on the plaintiff's failure to "provide the court with any explanation as to whether his attorney rounded-up his time […], or exercised billing judgment to round down his time." *Hagan*, 2010 WL 531119 at *4. *Hagan* explains that "litigants 'take their chances' when submitting inadequately documented fee applications which provide little information from which to determine the reasonableness of the hours expended on tasks vaguely described or lumped together." *Id*. at *5. Here, the Court notes Plaintiff's representations that despite billing in half-hour increments, counsel rounded down in calculating time expended and that the itemization of services rendered is an "accurate representation." Further, the Court notes that Plaintiff's request for fees is consistent with those routinely submitted by attorneys in this District.

That being said, Plaintiff's itemization of time expended for services rendered lacks the specificity the Court would prefer. In addition to recording time expended in half-hour increments rather than smaller increments, Plaintiff combines multiple tasks into single entries, including one 12-hour entry for tasks spanning a time period of over two months. The Court would prefer a separate entry for each date on which a task is performed.

Despite these critiques, the Court has reviewed Plaintiff's itemization and finds that the total number of hours billed is reasonable and should be compensated. However, in accordance with *Astrue v. Ratliff*, fees must be paid payable to Plaintiff, not Plaintiff's attorney. Therefore, it is **ORDERED t**hat Defendant pay Plaintiff $5,153.22 in attorney's fees for a total EAJA award of $5,153.22. This award is to be paid to Plaintiff for the benefit of his attorney, Thomas U. Reynolds.

This the 12th day of June, 2018.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE